IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LOUIS EDWARD SPEARMAN, #708729** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0161-M (BK) |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred to the United States Magistrate Judge. Petitioner, a Texas state prisoner, filed a *pro se Petition for Writ of Habeas Corpus*, under 28 U.S.C. § 2254, and a *Motion for Leave to File Second Writ of Habeas Corpus*, the latter bearing the caption of the United States Court of Appeals for the Fifth Circuit. Contemporaneously with this recommendation, the Court granted Petitioner's motion to proceed *in forma pauperis*, but did not direct Respondent to file an answer. For the reasons that follow, it is recommended that the *Petition for Writ of Habeas Corpus* be dismissed for lack of jurisdiction.

**I. BACKGROUND**

As a result of Petitioner's repeated attempts to challenge his underlying criminal conviction, the United States Court of Appeals for the Fifth Circuit imposed a $100.00 monetary sanction and ordered that, "[u]ntil such fine is paid, Spearman [Petitioner] is BARRED from filing any further appeal, mandamus petition, motion to file a successive habeas corpus petition, or any other matter in this court without the advance, written permission of a judge of this court."

*See Spearman v. Johnson*, No. 00-10409, slip op. at 2 (5th Cir. Jul. 21, 2000) (emphasis in original). The Court of Appeals warned Petitioner that the $100 monetary sanction was in addition to the sanction previously imposed under 28 U.S.C. § 1915(g), which barred him from filing any civil action or appeal *in forma pauperis*, while incarcerated, unless he is under imminent danger of a serious physical injury. *Id.* at 3.

In a letter submitted along with his pleadings, Petitioner states that the Circuit Court has refused to file and consider his multiple requests, including the one in this case, for leave to file a successive application. (Doc. 6 at 1.) He, thus, requests this Court to entertain his successive habeas corpus petition because he is indigent and unable to pay the $100 monetary sanction. *Id.* at 2.

## II. DISCUSSION

**B.      Successive Habeas Petition**

Before a petitioner may file a successive habeas corpus application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the United States Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (section 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (section 2254 habeas petition).

The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain

such an order from the Fifth Circuit Court of Appeals before he can file a successive petition in this Court, challenging his underlying criminal conviction. Petitioner states that he is indigent and, thus, unable to pay the $100 monetary sanction, which he must satisfy before he can seek leave to file from the appellate court. Moreover, matters relating to the sanction order are outside of this Court's authority and should be directed to the Fifth Circuit Court of Appeals. Therefore, the *Petition for Writ of Habeas Corpus* should be dismissed for lack of jurisdiction, and the *Motion for Leave to File Second Writ of Habeas Corpus* should be denied as moot.

**B.     Sanction Warning**

Because Petitioner has filed one other action seeking authorization from the District Court to file a successive petition, *see Spearman v. Thaler*, 3:11-CV-02868-G (N.D. Tex. 2011), Petitioner should be warned that if he persists in filing motions for authorization to file, over which the Court lacks subject matter jurisdiction, this Court may also impose monetary sanctions and/or bar him from bringing *any further action* of any kind *in forma pauperis* and/or without prior court approval. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the *Petition for Writ of Habeas Corpus* (Doc. 5) be **DISMISSED** without prejudice for want of jurisdiction, that the *Motion for Leave to File Second Writ of Habeas Corpus* (Doc. 3), insofar as it was meant for filing in this Court, be **DENIED** as moot, and that Petitioner be warned that sanctions may be imposed under FED. R.

CIV. P. 11, if he persist in filing motions for authorization to file over which the Court lacks subject-matter jurisdiction.

SIGNED January 23, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE